SARTAIN, Judge.
This automobile accident case was brought by Mrs. Rodriguez for physical injuries and lost wages and by her husband for medical expenses, property damages, and physical injuries suffered by their minor daughter. The accident, which involved a truck and horse trailer driven by defendant, A. E. Hood, Jr., and a car driven by Mrs. Camille Rodriguez in which her daughter was a passenger, occurred on December 3, 1974, near Amite, Louisiana.
Besides Mr. Hood the named defendants are his liability insurer, Sentry Indemnity Company, and Hood Tractor Service. There was no testimony at trial concerning Hood Tractor Service and suit against it was dismissed by the trial court. There was likewise no argument on this point on appeal and we therefore consider this claim to be abandoned.
The defendant Hood was proceeding westerly on Louisiana Highway 16 at between 40 and 45 miles per hour according to the testimony of both Hood and a disinterested witness. Plaintiff asserts that defendant was traveling at least 70 miles per hour. The record contains no testimony to this effect, but rather plaintiff bases his assertion upon a recitation of measurements and unsubstantiated conclusions therefrom. The trial judge as trier of fact accepted the testimony of the defendant’s *795 witnesses as to speed. We agree with his determination.
As defendant was so proceeding, plaintiff drove out of a side road immediately in front of him. To avoid an imminent collision defendant cut to the left. It appeared that defendant had thereby successfully avoided a collision. However, Mrs. Rodriguez, who had still not seen Hood, then without looking attempted to turn left into another side road. She crashed into the horse trailer being pulled by defendant.
We find no error in the determination of these facts by the trial court. It is abundantly clear that under them Hood was in no wise negligent. The apparent bases of plaintiff’s assertion of negligence are Hood’s alleged excessive speed and his passing in a zone where passing is prohibited. However, the facts show that Hood’s speed was not excessive. Hood was likewise not negligent in crossing the double yellow lines. He was not passing but rather was doing his best to avoid an accident in the face of an emergency not of his own making. The disinterested eyewitness testified that Hood’s evasive maneuver was the only possible means of avoiding a collision. Hood was certainly not at fault when the plaintiff’s act of turning without looking caused his quick action to be unsuccessful in avoiding the accident.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.